## LOWENSTEIN v. FINNEY.

Decided January 10, 1891.

1. *Trial—Order of proof—Discretion of court.*

It is within the court's discretion to allow a defendant to introduce further evidence in defense after the testimony is closed and plaintiff's opening argument has been made.

2. *Assignment—Withholding assets—When not fraudulent.*

An assignment for the benefit of creditors purporting to convey all of the debtor's property, without reservation of any exempt property, is not vitiated by an unintentional withholding of an immaterial portion thereof, being less than he might have claimed as exempt.

3. *Assignment—Attorney's fees.*

A provision in such assignment for the payment of an attorney's fee for legal services in preparing and perfecting the assignment is not fraudulent.

4. *Assignment—When title vests—Subsequent fraud.*

In an assignment for the benefit of creditors title to the property vests in the assignee upon delivery of the deed. Any subsequent fraudulent agreement between him and the assignor cannot affect the vested rights of creditors.

5. *Receiver—Appointment—Collateral attack.*

A chancery court has jurisdiction, upon proper allegations, to appoint a receiver of assigned property; and where such an appointment has been made, its propriety cannot be questioned in a collateral suit.

APPEAL from *Pulaski* Circuit Court.

JOSEPH W. MARTIN, Judge.

*Morris M. Cohn* for appellant.

1. To allow the re-examination of a witness after the evidence is closed and argument begun was unfair and an abuse of discretion by the court.

2. Where an assignor purports to convey all his assets and reserves a material part, the assignment is void, whether done intentionally or not. Wait, Fr. Conv., secs. 8, 19, 197, 322-3-4; *ib.*, sec. 9; 22 Wall., 513; 6 *id.*, 78-9; 31 Ark., 666-9; 8 N. H., 288; Burrill on Ass., secs. 108-9.

3. The preference of Ratcliffe & Fletcher for services to be rendered in the future avoided the assignment. The fraud of the assignor is sufficient. Acts 1887, p. 194; 2 Sandf., 594; Wait, Fr. Conv., secs. 329, 335, 331; Manst. Dig., sec. 308; 12 Fed. Rep., 230; 11 *id.*, 297; 13 S. W. Rep., 513; *ib.*, 515; 37 *id.*, 151; 39 *id.*, 66; 107 U. S., 361

4. The whole proceedings in this case were simply an attempt to evade the assignment laws of this State, and secure the disposition of assets of an insolvent debtor, through a trustee, in a mode not contemplated by law. 7 Wend., 239; 13 S. W. Rep., 423-4; *ib*, 513; *ib.*, 716; 52 Ark., 426; 49 *id.*, 117; 9 Fed. Rep., 483.

5. There was an *intentional* withholding of assets by the assignor. This was a fraud. 46 Ark., 405; 13 S. W. Rep., 736; 5 N. W. Rep., 654. He was not entitled to any exemptions unless expressly reserved. 37 N. W., 811; 28 Conn., 47; 26 N. J. S. (Dutcher), 124, 570; 5 Cowen, 584; 48 Ark., 213, 215; 47 *id.*, 400; 49 *id.*, 114; Burrill, Assign., sec. 96. The mere fact that his wife's money went into the property which he bought, would not make it hers. 50 Ark., 42, 46.

*Ratcliffe & Fletcher* for appellee.

1. Permitting Finney to testify after the evidence was closed and argument commenced was in the sound discretion of the court, and it was not abused.

2.   The court properly inserted the word "*intentionally*." No fraud can be deduced from an unintentional withholding of a small amount of household goods.   46 Ark., 405; 85 N. Y., 464.

3.   Assignments by which attorneys were preferred for services rendered have been upheld.   12 Fed. Rep., 230; 23 *id.*, 676.   The court below found that the preference was for services rendered in preparing the assignment, and not for future services.   But if it had been for future services, this does not render the assignment void.   This debt is readily separated from the others, and may be entirely stricken out and the provisions stand.   23 Fed. Rep., 13; 5 Grat., 31; 11 Ind., 89; 9 Ala, 704; 4 Baxter (Tenn.), 162; 33 Md., 607; 24 Mo., 75; 18 Ark., 137; Burrill on Ass. (3d ed.), secs. 117, 352–3.

4.   When the assignment was executed and delivered, the title vested in the assignee; and the statutory requirements of bond and inventory were conditions subsequent, which could have nothing to do with the *vesting of title* under the deed.   The consent or objection of Finney could in no wise affect the title thus vested.   4 Ark., 302; 36 Ark., 406; 37 *id.*, 64; 71 N. Y., 506; 13 S. W., 513.   The fraud must be *in the assignment itself*, and not in some act accruing *before or after* the assignment.   88 Penn. St., 167; Burrill on Ass., sec. 351 *et seq.*; 68 Wisc., 442; 71 N. Y., 505.

The trusts arising under general assignments are peculiarly the objects of equity jurisdiction.   2 Story, Eq. Jur., sec. 1037; 4 Ark., 335; 1 Am. & Eng. Enc. of Law, p. 872; Mansf. Dig., ch. 8.   See 52 Ark., 429.

5.   Withholding a small amount of household goods, which could have been claimed as exempt, and to which creditors had no right except under the assignment, and unintentionally too, as the court found, was not sufficient to avoid the assignment.   If property be not subject to execution, a conveyance made "with a bad motive" is not fraudulent as to creditors.   31 Ark., 554; 44 *id.*, 180; 52 *id.*, 102.

HUGHES, J.   Appellants sued out an attachment, and had it levied upon a stock of goods and other property of the appellee, which appellee had before then conveyed, by deed of assignment for the benefit of his creditors, to R. A. Little as assignee.   Before the assignee had given bond or taken possession of the property conveyed by the assignment, and upon the day of its execution, upon the petition of the German National Bank, the largest preferred creditor of the appellee, the chancery court of Pulaski county appointed R. A. Little, the assignee, receiver, upon the representation in the petition, that the assets were of such a nature that they could not be administered, under the assignment laws of this State, without great loss, and that it was necessary that they should be sold and disposed of at once.   Pursuant to the order of the court the receiver filed his bond, took the oath required by law, and took charge of the property.

The contest below was, and in this court is, over the grounds of the attachment, which was discharged by the circuit court, from which the appeal in this case was taken. The grounds of the attachment were, that, immediately preceding the issue of said attachment, W. C. Finney caused to be executed an assignment for the benefit of creditors, for the fraudulent purpose of evading the laws regulating assignments for the benefit of creditors, in this, that the same was executed by the assignor for the purpose of fraudulently covering up assets which the assignment purported to convey ; also because it contemplated a mode of disposition in conflict with the law relating to assignments ; and because the assignor preferred a claim for the fraudulent purpose of paying for services in opposing the just demands of creditors. The circuit court found the facts to be :   "That the debt preferred in favor of Ratcliffe & Fletcher in the assignment of Finney to Little was for legal services in preparing and perfecting the assignment, and not for future services.   That the assignment was made in good faith by Finney, and there was no fraud in the same."   Appellant saved all exceptions,

and, after motion for a new trial which was overruled, appealed.

1. Trial—Order of proof.    It is contended by counsel for appellant that the circuit court erred in permitting Finney, the appellee, after the testimony had been introduced and the plaintiffs had presented their argument on the subject of the reservation of household goods by Finney, to testify "that he had purchased the household goods with his wife's money, and that said property was hers." On cross-examination Finney had said that he had purchased the goods and paid cash for them, and on redirect examination he said that he paid for them with his wife's money. "The direct examination must be completed before the cross-examination begins, unless the court otherwise directs. Mansf. Dig., sec. 2899. It was within the sound discretion of the court to allow this statement by the appellee in evidence at the time it was made, in furtherance of justice, and there was no abuse of such discretion apparent to this court. Mansf. Dig., sec. 5131; *Evans* v. *Rudy*, 34 Ark., 390.

It is contended that the circuit court erred in modifying the second declaration of law asked for by the plaintiff, which was as follows (as modified by the court only by the insertion of the word *intentionally*): "The assignment in this case contemplated all the property of the assignor, and if he withheld (intentionally) from his assignee any material portion of his property, it is fraudulent as to creditors."

2. Assignment—Withholding assets.    Fraud, though never presumed, like any other fact, may be proven by circumstances, but we do not think that the unintentional withholding by appellee from his assignee of the small amount of household goods referred to was sufficient proof of fraud in this case, and upon this we will not disturb the court's finding. Besides this, more than the amount of property reserved by appellee was exempt to him, and could not have been taken for his debts; and hence his reservation of it could not have been a fraud against his creditors, as he claimed no exemption. *Probst* v. *Welden,* 46 Ark., 405, and cases cited.

It is urged that the assignment was fraudulent because it preferred by its terms a debt of three hundred dollars for attorneys' fees in favor of Ratcliffe & Fletcher, for services to be rendered in opposing the just demands of creditors. But the court below found that this debt was for "legal services in preparing and perfecting the assignment, and not for future services." We think this finding supported by the evidence, and that there was no fraud in this. *Hill* v. *Agnew*, 12 Fed. Rep., 230; *Wooldridge* v. *Irving*, 23 *id.*, 676. *Attorney's fee.*

The fourth declaration of law asked for by appellant is as follows: "If, before the assignment was fully executed by the performance by the assignee of the duty of filing bond and making an inventory, the assignor and assignee assented to the appointment of a receiver for the purpose of making disposition of the property in a mode not contemplated by law in cases of assignment for creditors, that was a fraud upon the assignment law or an abandonment of the assignment, and operated, when used for the purpose of locking up property from the process of creditors, in an improper delay and interference with their rights, which would sustain an attachment." *4. Assignment for creditors—Subsequent fraud.*

When the deed of assignment was signed, acknowledged and delivered by Finney to Little, the title vested in Little, and the statutory requirement that Little should file a bond and inventory before he could control the property was a condition subsequent, which could have nothing to do with the vesting of title under the deed. They were requirements with which Finney had nothing to do. The consent or objection of Finney could in no wise affect the title thus vested. Conway, *ex parte*, 4 Ark., 302; *Clayton* v. *Johnson*, 36 Ark., 406; *Thatcher* v. *Franklin*, 37 Ark., 64; *Brennan* v. *Willson*, 71 N. Y., 506. Nor could the consent or any fraud on the part of either Finney or Little, subsequent to the delivery of the assignment, affect the rights of the creditors. The fraud must have been in the assignment itself, and not in some act accruing before or after the assignment. *Wilson* v. *Berg*, 88 Pa. St., 167; Burrill on Assignments,

S C—9

sec. 351 *et seq.; First National Bank* v. *Baker,* 68 Wis., 442.

**5. Appointment of receiver cannot be collaterally attacked.** There was really no evidence to support this declaration of law, as there was no proof that the purpose in seeking the appointment of the receiver was to make a disposition of the property " in a way not contemplated by the assignment laws, and for the purpose of putting the property out of the reach of creditors." In *Penzel Grocer Co.* v. *Williams et al.,* 53 Ark., 81, Judge SANDELS, delivering the opinion of the court, said : " The power of the chancery court, in the absence of statutory regulations, to supervise the execution of trusts, as also the power of chancery, notwithstanding the statute, to interfere upon proper allegations of irreparable loss, mismanagement, incompetency of trustees, etc., has never been questioned." It is true that the practice of interference upon the part of the chancery court, without sufficient allegations and showing, is condemned in that opinion.

But, if the appointment of the receiver in this case was improperly made, that question is not before us on appeal, and cannot be raised in a collateral suit. The judgment of the chancery court cannot be thus attacked. The chancery court had jurisdiction to appoint the receiver. Conway, *ex parte,* 4 Ark., 335 ; 1 Am. & Eng. Encyclopedia of Law, p. 11, 872 ; 2 Story's Equity, sec. 1037.

Finding no error the judgment of the circuit court is affirmed.