WILLIAMS v. ALEXANDER.

Opinion delivered May 31, 1909.

FRAUD—UNAUTHORIZED CONSENT DECREE.—Where an attorney, having no authority, express or implied, to consent to a decree against his client, consents to a decree which is prejudicial to his client, such con-

sent decree amounts to a fraud upon the court and the client, and will be set aside.

Appeal from Lonoke Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Wiley & Clayton,* for appellants.

In the absence of special authority, an attorney cannot bind his client by a compromise of a suit, even though such compromise has been consummated by consent judgment. Weeks on Attorneys at Law, 2d Ed. 471, 474; 3 Am. & Eng. Enc. of L., 2d Ed. 358; 32 Ark. 74; 7 Cranch, 426; 32 Ark. 346; 16 Am. Dec. 506; 55 Mo. 405; 159 Mass. 221. See also 69 Ala. 547; Weeks on Attorneys at Law, 2d Ed. 453; 43 N. J. Eq. 45; 141 N. Y. 302; 10 Phila. 118. Not only was the attorney unauthorized, but that the decree was by fraud and collusion is shown by the evidence, circumstances and his representations to appellant.

*Trimble, Robinson & Trimble,* and *June P. Wooten,* for appellee.

1. The decree was for the correct amount; but, if the amount was incorrect, the decree will not be reversed, in the absence of proof of fraud or collusion. Notwithstanding the attorney may have no special authority to consent to a decree, yet, if it is such a decree as the attorney might well have consented to in the exercise of his general authority to prevent further litigation and expense, the decree will not be opened. 32 Ark. 83, 84; 7 Cranch 452.

2. The contract was for sale of the land. Title was in Alexander, and would have remained in him until Williams paid the amount due. Strict foreclosure in such case is the proper procedure. 2 Jones on Mortgages, § 1541; *Id.* § 1539; 36 Wis. 378; 5 Wis. 598; 15 Wis. 99; 138 Cal. 651; 5 Cow. 346, 352; 110 Ind. 515; 138 N. Y. 133; 4 St. & P. (Ala.) 138; 45 Wis. 74; 87 Pa. St. 77; 124 Ind. 331; 16 Cal. 461; 112 Mo. 599.

BATTLE, J. On the 16th day of April, 1897, Q. T. Webster and Gabe Williams entered into the following contract:

"This indenture made this 16th day of April, 1897, by and between Q. T. Webster and Gabe Williams witnesseth that said Q. T. Webster hereby rents unto said Gabe Williams the following

described lands, to-wit: the S. E. ¼ of N. E. ¼, section 27, township 2 N., range 10 W., in Lonoke County, Ark., for the term of four years, commencing Jan. 1, 1897; the said Gabe Williams agreeing to pay the sum of $100 per year, for which he, Gabe Williams, has given four several notes for $100 each. And it is further agreed that, upon the prompt payment of the amounts above stated on or by the 1st day of November of each year, the said Q. T. Webster agrees upon the payment of the last year's rent, 1900, to make the said Gabe Williams a warranty deed to said above-described lands. All the notes above described to bear interest in the rate of ten per cent. from this date until paid.

(Signed)    "Q. T. Webster,
(Signed)    "Gabe Williams,

"Witness: J. B. Furguson."

On the 26th day of July, 1904, C. F. Alexander instituted a suit in the Lonoke Chancery Court against Gabe Williams and Lensie Williams, and alleged that "Q. T. Webster and Gabe Williams entered into the foregoing contract on the 16th day of April, 1897; that subsequently, to-wit, in the fall of 1897, Gabe Williams paid the first installment of $100, and a part of the note due in 1898, but that he failed and refuses to pay the remainder of said sum." "That there is still a balance due under said contract of $425, which the defendant has totally failed and refuses to pay. That since the extension of said contract with the defendant on the 4th day of April, 1900, the said Q. T. Webster transferred all his right, title and claim in said contract to this plaintiff, and executed to him a warranty deed to said lands. That this complainant is now the owner of said land by virtue of the said deed, and the said contract with Gabe Williams is a cloud upon his title to the same.

"And he therefore asks that the same be canceled, set aside and held for naught, and that his title be quieted and confirmed against the said Williams, his heirs and assigns, and that, if that cannot be done, the said sum of $425, together with the sum of $20 adjudged to be due this complainant by the Lonoke Chancery Court, be fixed and decreed against the said defendant, and if not paid within thirty days the same be ordered to be sold, transferred and assigned by the same."

The defendant answered and denied "that said contract be-

tween defendant and the said Q. T. Webster was a rent contract, but alleged that it is and was intended to be a contract of sale and not rent." He admitted "that there is some balance due on the purchase money on said contract, but that it is not the sum of $425 or any sum of the like amount of balance due;" "that they have no objection to the balance, whatever it may be, that is due on said purchase price of said land being decreed a lien on said lands, but that they ask the court to give them a reasonable time in which to settle the same."

On the 23d day of November, 1904, the court, finding that the sum of $421.50 was due on the contract of Q. T. Webster and defendant, rendered the following decree:

"And it is by consent further considered, adjudged and decreed that the plaintiff have and recover of and from the said defendant the said sum of $421.50 and all the costs of this suit, and if the same be not paid on or before the first day of January, 1905, or any part of the same remains unpaid at that date, it is further by consent considered, ordered, adjudged and decreed that all the right, title, interest and claim of the said Gabe Williams and of his privies be and the same is hereby divested out of the said Gabe Williams and out of his privies and vested in the plaintiff, C. N. Alexander; but if the said sum and all costs of the suit are fully and wholly paid by or before the said 1st day of January, 1905, all of the right, title, interest and claim of the said C. N. Alexander shall by reason of said full and prompt payment of said sum and costs be and the same is hereby divested out of the said C. N. Alexander and vested in the said Gabe Williams."

On the 20th of November, 1905, Gabe Williams and his wife filed in the Lonoke Chancery Court a complaint against C. N. Alexander, and, among other things, alleged therein that there was not due, on the notes executed by Williams for the lands sold to him by Q. T. Webster, exceeding $280 at the time when the decree was rendered in the suit instituted by Alexander; and that Alexander practiced a fraud upon the chancellor in the procurement of that decree by representing to him that they were willing to consent to a decree for $424 and for surrender of the land to Alexander if they did not pay that amount in thirty-seven days, when in fact they were not willing for such a decree, and

did not authorize John Shackelford, their attorney in such suit, to consent to the same, and that Shackelford was employed for no other purpose than to see that decree was not entered for more than was due, and they gave him no authority to do more than insist on defendants' lawful rights; and further alleged that Alexander cultivated the land in 1905, and the use of it for that year was worth $150, and the land was worth at the date of the consent decree $1,000. And they asked that the decree of the 23d of November, 1904, be set aside, and that an account be taken to ascertain how much Alexander owes for rent, and how much is due him for amounts paid by him on the notes for land, and that plaintiffs be allowed to pay the balance due him upon such accounting, if any, and that he (Alexander) be required to convey lands to them.

Alexander answered and specifically denied the foregoing allegations.

The chancery court, after hearing the evidence adduced by the parties, dismissed the complaint for want of equity, and Gabe Williams appealed.

The contract in writing executed by Webster and Gabe Williams on the 16th of April, 1897, was a contract on the part of one to sell and the other to purchase certain lands. Four notes were given for the purchase money, payable in one, two, three and four years, and bearing interest from date at the rate of ten per cent. per annum. There is no stipulation in the contract for the surrender of the possession of the land on failure to pay the notes, but Webster covenanted to convey the lands to Williams by warranty deed upon prompt payment of the notes. Williams agreed to pay the notes and Webster to convey the lands upon such payment. It was in effect a contract of sale and purchase.

Williams took possession of the lands, made improvements thereon, and paid upon the notes as much as $150 or $160, and probably more. On the 23d of November, 1904, when the consent decree was entered in the suit instituted by Alexander against Williams and his wife, the land was enhanced in value. A disinterested witness testified that it was worth at that time $1,000. John Shackelford was employed to represent Williams in that suit, but no authority, expressed or implied, was given to him to consent in the decree rendered therein. The court found that

Williams was owing for the land $421. The land was worth $1,000. The effect of the consent decree was to deprive the defendant of the right of appeal and to give to Alexander $579 of the property of Williams. The consent was a fraud upon the court and Williams, and the decree was without authority. *Saleski* v. *Boyd*, 32 Ark. 74. The decree should be set aside and judgment rendered in favor of Alexander for the amount due on the notes, and land sold to satisfy the same, if not paid by a given time, and Alexander should be held to account for the rents and profits of the land while he has been in possession.

Reversed and remanded with directions to the court to enter a decree in accordance with this opinion.