Driver *v.* Treadway.

Opinion delivered January 9, 1928.

JUDGMENT—MOTION TO SET ASIDE.—Though a motion for new trial was not filed until more than three days after the verdict, *held* that, where the trial judge announced that the verdict ought to be set aside, it was his duty to treat the motion for new trial as a motion to set aside the judgment, and he should have set aside the verdict if not sustained by the evidence.

Appeal from Mississippi Circuit Court, Chickasawba District; *W. W. Bandy,* Judge; reversed.

*J. T. Coston,* for appellant.

*L. Neill Reed,* for appellee.

MEHAFFY, J.   The appellant, J. L. Driver, brought suit in the circuit court of Mississippi County for $500 for breach of contract. The jury returned a verdict for. $1 on January 19, 1927.   Court was in session on the 20th and 21st days of January, and then adjourned until the 24th day of January, and on that day, January 24, the appellant, Driver, filed his motion·for a new trial.

Treadway thereupon  filed a motion  to strike the motion for a new trial from the files, on the ground that it was not filed within three days after the verdict was rendered.   The court, in sustaining Treadway's motion, stated: "The plaintiff was entitled to a verdict for $500, and the verdict ought to be set aside.   But the plaintiff did not file his motion for a new trial within three days after the verdict was rendered, and I cannot consider it." And the judgment striking the motion for a new trial from the record recites:   "The court is without jurisdiction to entertain plaintiff's motion for a new trial or set aside said verdict, for the reason that said motion was not filed within three days from the date of the rendition of the verdict."

The only question presented by this appeal is whether the court could act on the motion for a new trial which was filed more than three days after the verdict was rendered.

The statute reads in part as follows:

"The application for a new trial must be made at the term the verdict or decision is rendered, and, except for the cause mentioned in subdivision 7 of § 1311, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."   Section 1314, Crawford & Moses' Digest.

The remainder of the section of the Digest provides for the manner of filing motions when the verdict is rendered at or about the closing of the term of court, and authorizes the losing party to present his motion to the judge within 30 days from the date of the verdict or decision.   That part of the section, however, is not involved in this appeal.

Appellant contends that the court had jurisdiction and had the right to grant appellant's motion, although the motion was not filed until more than three days after the rendition of the verdict. The court had the power to set aside the verdict at any time during the term, and a majority of the judges are of opinion, since the lower court announced that plaintiff was entitled to a verdict of $500 and that the verdict ought to be set aside, that it was the duty of the court to treat the motion for a new trial as a motion to set aside the judgment, and that he should have heard the motion, and if, in his judgment, the verdict was not sustained by the evidence, he should have set the verdict aside and granted the plaintiff another trial.

Mr. Justice HUMPHREYS, Mr. Justice KIRBY and the writer. do not agree to this, their opinion being that the statute fixing the time in which motions for a new trial shall be filed is mandatory and that the phrase, ''unless unavoidably prevented,'' authorizes the court to extend the time or permit the motion to be filed after the three days if there is a showing that the person filing the motion was unavoidably prevented from filing it within the three days.

The prior statute on the subject of motions for new trials reads as follows:

''All motions for new trials and in arrest of judgment shall be made within four days after the trial, if the term of court shall so long continue, and if not, then before the end of the term, and every such motion shall be accompanied by a written specification of the reasons upon which it was founded.'' English's Digest, chapter 126, § 131.

In construing that section, this court said:

''More than four days after verdict for the defendant, the plaintiffs below, who are the plaintiffs in error, filed a motion for a new trial, which was stricken from the files on motion of the defendant, and, because the court considered that under the 123d section of chapter 126 of English's Digest, it had no discretion to entertain

the motion. If the circuit court had simply refused, in the exercise of its discretion, to allow the motion for a new trial to remain on file, because filed too late, this court would be slow to interfere with the discretion exercised; but when, as shown by the bill of exceptions, the action of the court was not discretionary, but in obedience to a statute it considered imperative, this court may, if it does not consider the statute imperative, direct the court to use, but not to abuse, its discretion. And it would seem better that statutory regulations concerning the dispatch of business in court should be considered advisory merely, and not destructive of the power of courts to make them comformable to the unforeseen contingencies of legal practice. Courts of original jurisdiction, better than superior tribunals or foreign bodies, can adopt general rules to the exigencies of current business. A golden mean in the administration of justice is found when rules of practice can cause it to be dealt out with certainty and dispatch, but with due regard to accidents that befall and frailties that beset the men that are the agents of such administration. From the considerations of this sort, and from the happily plastic nature of the practice in courts of common law and equity, a distinction has been made between directory and imperative statutes, which has been fully recognized by this court.'' *Gould* v. *Tatum,* 21 Ark. 329.

This court again said:

''Where a motion filed out of time is considered by the court and overruled, this court will indulge the presumption that the motion was filed with the permission of the court. *Fordyce* v. *Hardin,* 54 Ark. 554. The court had the power to consider the motion at any time during the term, and the record shows that the court heard the motion at the same term, and overruled it.'' *Fitzhugh* v. *Norwood,* 153 Ark. 472, 241 S. W. 8.

This court has also said:

''Under the law the verdict of a jury should be in favor of that party who has established the issues of fact for which he contends by a preponderance of the evidence.

If the jury has not so decided, then its verdict is not correct, and it is the peculiar and exclusive province of the trial court to correct such error by granting a new trial. When the trial court becomes convinced that the verdict is not sustained by a preponderance of the evidence, then it is his duty to set aside that verdict. And if the trial court finds and announces that the verdict is not sustained by a preponderance of the evidence, then it is his duty to set aside that verdict. And if the trial court finds and announces that the verdict of the jury is against the preponderance of the evidence on a material issue of fact, then he must set aside such verdict. The trial court presides over the trial. He observes and hears the witnesses, and has the same opportunity as the jury in this respect, and that is the reason why it is made his peculiar and exclusive function to determine the issue, on a review of the verdict, as to whether it is responsive to the preponderance of the evidence in the cause. This court cannot do that, for the reason that it has no such opportunity. Hence the rule is firmly established by the authority of our own decisions, as well as courts of last resort in many other jurisdictions, that a ruling of the trial court overruling a motion for a new trial and sustaining the verdict of a jury, as in accord with the preponderance of the evidence, will not be reversed and the verdict set aside by the appellate court, even though such court may be convinced that the verdict of the jury is clearly against the weight of the evidence. * * * The trial judge still has control of the verdict of the jury after and during the term it was rendered. Because of his training and experience in the weighing of testimony, and of the application of legal rules to the same, and of his equal opportunities with the jury to weigh the evidence and judge of the credibility of witnesses, he is vested with the power to set aside their verdicts on account of errors committed by them, whereby they have failed in their verdict to do justice and enforce the right of the case under the testimony and instructions of the court. This is a necessary counterbalance to protect litigants against the failure of the administration of the law and justice

on account of the inexperience of jurors. * * * We cannot approve the doctrine that it is an invasion of the province of the jury for the trial court to set aside a verdict which he finds to be against the preponderance of the evidence. On the contrary, if he fails to do so, he surrenders his own province, ignores his duty, and by so doing destroys the integrity of the best system that thus far has been devised in this country for the administration of justice." *Twist* v. *Mullinix*, 126 Ark. 427, 190 S. W. 851.

It will be observed that the last case cited holds that the trial judge still has control of the verdict during the term of court, and the majority of the court, as we have already said, holds that the trial court had control of the verdict, and, since he stated that the verdict was wrong and should be set aside, it became his duty to do so.

It is unnecessary to refer to additional authorities, but, for the reasons above given, a majority of the court is of opinion that the circuit court committed error in its refusal to set aside the verdict, and for this error the case must be reversed, and remanded with directions to exercise his discretion as to whether he should set aside the verdict and grant the plaintiff another trial.