ARKANSAS MINERAL PRODUCTS COMPANY *v.* CREEL.

Opinion delivered May 5, 1930.

*June P. Wooten,* for appellant.

*Taylor Roberts* and *Carmichael & Hendricks,* for appellees. ·

SMITH, J. Appellee—the plaintiff below—alleged, and offered testimony tending to establish, the following facts. She is the widow and sole devisee under the will of her husband, S. H. Creel, who, prior to July 22, 1924, owned an eighty-acre tract of land in Saline County, upon which he thought there was a valuable clay deposit. He and J. M. Ensor organized a corporation known as the Arkansas Mineral Products Company, each taking 799 shares of the capital stock of the face value of $5 each. Two shares were issued to A. W. Hall. The corporation took over the tract of land owned by Creel, which was the only asset it ever had, and agreed to assume the payment of a note for $500 held by the People's Trust Company, of Little Rock, which was secured by a deed of trust on the land, which the incorporators estimated was worth $8,000. The principal place of business of the corporation was Little Rock.

Ensor paid nothing for his stock, but was made president of the corporation. The note to the bank was not paid by the corporation, but was purchased by Ensor for his wife, who brought suit to foreclose, and took a foreclosure decree. To save the land from sale Creel and his wife paid the judgment.

After the organization of the corporation it was planned to sell additional stock, and B. F. Reinberger was employed to obtain this authority so to do from the

State Blue Sky Department under a contract with him which provided that he should receive $500 of the stock of said corporation for his services. The permit was obtained from the Blue Sky Department, but no stock was sold, and none was issued to Reinberger, who brought suit for $500 as the value of his services. It was alleged that he conspired with Ensor to obtain this judgment, and that Ensor, as president of the corporation, entered its appearance and filed an answer admitting the justice of Reinberger's claim, when he was fully advised that Reinberger's contract entitled him only to have stock of the corporation issued in the sum of $500.

A judgment was rendered in the suit of Reinberger against the corporation, and a certified copy thereof was filed with the circuit clerk of Saline County, upon which an execution was issued against the land owned by the corporation in that county, and Reinberger became the purchaser at the execution sale. He assigned an undivided half interest in the certificate of purchase to Mrs. Ensor, the wife of the president of the corporation, and assigned the other undivided half to his own wife. It was alleged that all this was done pursuant to a conspiracy to acquire the title to the land.

Mrs. Creel further alleged that, as sole devisee of her husband, she was entitled to a judgment of $558.55 as of January 22, 1927, the date on which the land was redeemed from the foreclosure decree, which indebtedness the corporation had assumed and agreed to pay. It was alleged that the corporation was insolvent, and had no assets except the land in Saline County, and there was a prayer that a receiver be appointed to take charge of the land, and to wind up the corporation's affairs. It was further prayed that the defendants, Mrs. Reinberger and Mrs. Ensor, be required, as constructive trustees, to reconvey the land to the receiver, and that Mrs. Creel have judgment against the corporation for $558.55 and interest, and that the receiver be directed to sell the land and to apply the proceeds of the sale to the costs of the ac-

tion, and to satisfaction of plaintiff's judgment and to disburse the balance, if any, to the parties as their respective interests are made to appear.

The answer alleged the good faith of all the transactions herein referred to, and denied specifically that fraud of any kind had been practiced, and the question of jurisdiction was raised both by the answer and by demurrer.

After hearing testimony the court entered a decree, which contained a finding of facts conforming substantially to the allegations of the complaint. It was adjudged and decreed that the plaintiff, Mrs. Creel, have judgment against the corporation in the sum of $558.55, and that the lands (which were described) "be and are hereby divested out of defendants, Mrs. L. P. Ensor and Mrs. Emma Reinberger, and vested in the said H. S. Nixon, receiver." The receiver was directed to give notice to all creditors of the corporation to exhibit their demands, and jurisdiction of the case was retained to enforce the rights of the parties as therein adjudged. This appeal has been duly prosecuted from that decree.

We think the demurrer, which raised the question of jurisdiction to grant the relief prayed should have been sustained, for the reason that the action is local, and not transitory. By § 1164, C. & M. Digest, it is provided that "Actions for the following causes must be brought in the county in which the subject of the action, or some part thereof, is situated: First. For the recovery of real property, or of an estate or interest therein."

Appellee insists, however, that this statute does not defeat the jurisdiction of the court, for the reason that the purpose of the suit is to have a trust declared and established, and that, as the suit was brought in the county in which the corporation is domiciled, equity may grant relief, upon declaring the existence of a trust, by directions to the receiver.

In the chapter on equity in 10 R. C. L., § 115, page 365, it is said: "It is, however, undoubtedly a recognized doctrine that in cases of contract, trust, or fraud, a court

of equity, sitting in a State and having jurisdiction of the parties, is competent to entertain a suit for specific performance, or to establish a trust, or for a conveyance, although the contract, trust, or fraudulent title pertains to lands in another State or country, and such lands are necessarily affected by the court's decree. But this jurisdiction is strictly limited to those cases in which the relief decreed can be obtained through the party's personal obedience, and the decree in such suit imposes a mere personal obligation, enforceable by injunction, attachment, or like process against the person, and cannot operate *ex proprio vigore* on lands in another jurisdiction, to create, transfer, or vest a title.''

The decree here appealed from transfers and vests the title. Its effect is to cancel the execution deed, although it does not do so expressly, and it transfers the title conveyed in the execution deed to the receiver, and vests his title in the receiver for the benefit of appellee or any other creditors of the corporation.

Very similar relief was sought in the case of *Harris* v. *Smith*, 133 Ark. 250, 202 S. W. 244. It was there said: ''It is insisted by appellants that the court, sitting in Sebastian County, had no jurisdiction to cancel deeds to lands in Polk County, and subject them to the payment of appellees' claims. The first and third subdivisions of § 6060 of Kirby's Digest provide that suits 'for the recovery of real property or an interest therein, or for the sale of real property under a mortgage, lien or other incumbrance,' must be brought in the county where the subject matter of the action, or some part thereof, is situated. Appellees insist that because the suit was brought in Sebastian County, where part of the lands were situated, under the plain language of § 6060 of Kirby's Digest, the Sebastian County Chancery Court acquired jurisdiction over the Polk County lands. The construction placed upon the statute by appellees would be forceful if applied to a case where all the lands, though lying in different counties, were involved in litigation between the

same parties, but certainly cannot be true when applied to a case where the lands not only lie in different counties, but also involved different parties defendant.''

Further construing § 6060, Kirby's Digest (which now appears as § 1164, C. & M. Digest), it was there said: ''It seems to be well settled that if the purpose of the bill and the effect of the decree are to reach and operate upon the land itself, then it is regarded as a proceeding *in rem,* and, under the statute in question, is a local action, and must be brought in the county where the land is situated. *Jones & McDowell & Co.* v. *Fletcher,* 42 Ark. 422; *McLaughlin* v. *McCrory,* 55 Ark. 442, 18 S. W. 762, 29 Am. St. Rep. 56.''

The decree of the Sebastian Chancery Court in that case, which canceled conveyances of real estate in Polk County, was reversed, and the cause remanded with directions to dismiss as to the Polk County lands for the want of jurisdiction, for the reason that the action was local, and not transitory.

For the same reason the decree in this case must be reversed, except that the money judgment against the corporation the right to which appears to be clear, will be affirmed. It is so ordered.

Mr. Justice McHANEY dissents.