PARKER v. NIXON.

Opinion delivered January 11, 1932.

*June P. Wooten* and *Troy W. Lewis,* for appellant.

*Roberts & Stubblefield,* for appellee.

SMITH, J. This appeal is a continuation of the case of *Arkansas Mineral Products Company* v. *Creel,* found reported in 181 Ark. 722, 27 S. W. (2d) 1003.

As appears from the facts there stated, S. H. Creel owned a tract of land in Saline County which contained a valuable clay deposit, which land he conveyed to a cor-

poration known as the Arkansas Mineral Products Company, which was organized to develop the land. The conveyance was made to the corporation subject to a mortgage, which the corporation assumed but failed to pay, and the land was sold under a decree of foreclosure. Creel died, and his widow, as sole devisee under his will, redeemed the land by paying the mortgage debt. Mrs. Creel then brought suit in the Pulaski Chancery Court for the money thus paid, and, in connection with this suit, she prayed the cancellation of certain deeds based upon the sale of the land under the execution which had issued on the judgment in favor of Ben F. Reinberger for services rendered the corporation, it being alleged that the judgment had been obtained by fraud. The relief prayed was granted by the decree of the Pulaski Chancery Court, and that decree was reversed in part in the opinion above referred to upon the ground that the suit, which was one, in effect, to compel a reconveyance of the land, was a local action and was maintainable only in the county where the land was situated under § 1164, Crawford & Moses' Digest. The judgment for the debt resulting from the redemption of the land by Mrs. Creel was, however, affirmed.

This opinion was delivered May 5, 1930, and thereafter, to-wit, on July 28, 1930, the receiver who, under the orders of the Pulaski Chancery Court, had taken charge of the assets of the corporation, filed a pleading, which was denominated a petition to vacate the judgment under which the execution had issued and under which the land had been sold. A summons was issued and duly served upon Reinberger, the judgment plaintiff, and testimony was heard in support of and in opposition to the prayer of the petition. The court in which the judgment in favor of Reinberger had been rendered made the following findings of fact:

"In this case, the court finds that the Arkansas Mineral Products Company acquired the land of the petitioner, Creel, subject to a mortgage of $500; that none of the stockholders actually purchased or paid for the stock,

but that the equity in the land was given a fictitious value to support the stock issue. By the terms of the contract, J. M. Ensor was to loan the company the funds which he might thereafter advance. This amounted to $200. It was not a payment of stock, but a loan to the company. This company employed the plaintiff, Ben F. Reinberger, to procure a permit from the Blue Sky Department for the sale of its stock. Under this contract, the plaintiff, Ben F. Reinberger, was to receive $500 face value of the stock. The work was performed, and the stock was never issued to Ben F. Reinberger according to this contract. At the time suit was filed, J. M. Ensor was president and A. W. Hall was secretary. Demand was made of these gentlemen for the issuance of the stock, but, instead of issuing the stock, which was known at the time to all parties to be worthless, the president and secretary of the Company chose to violate the contract and to confess judgment for $500 in money. There was no meeting of the board of directors in the confession of this judgment, but the answer was prepared by the plaintiff, and the appearance of the defendant entered in violation of the contract, and judgment was confessed in violation of the contract, and the effect of this judgment was to divest all the assets of the company, when, according to the terms of the contract, the stock could and should have been issued, in which event the stockholders would have participated with the remainder of the stockholders in the assets of the corporation. From these facts, this court concludes that the conduct on the part of the officials of the corporation and the plaintiff amounted to a legal fraud on the court in obtaining the judgment in the case. For this reason, the motion to set aside said judgment should be and is hereby granted.

"It is contended that the lapse of time precludes the petitioner from obtaining the relief he seeks. It appears from the testimony that there was no material lapse of time, but that the petitioner asserted his rights in the chancery court of Saline County and in the chancery

court of Pulaski County with due diligence on discovery of the fraud of which he complains. The petition for setting aside said judgment will be granted, and the judgment will be set aside for the reasons indicated.''

Upon these findings of fact the court rendered judgment vacating and annulling the original judgment rendered in Reinberger's favor on June 25, 1925, and this appeal is from that judgment.

We will not review the testimony upon which the findings were made that the judgment had been procured by fraud practiced upon the court in its rendition, but, having considered this testimony, we announce our conclusion that it is legally sufficient to sustain the findings made; and we are also of the opinion that upon these findings the plaintiff was entitled to the relief prayed and granted.

This appeal is from the judgment of the court setting aside the judgment in Reinberger's favor, and its reversal is urged upon several grounds which we now proceed to consider.

The proceeding was brought under the authority of the fourth subdivision of § 6290, Crawford & Moses' Digest, wherein it is provided that the court in which a judgment has been rendered shall have power, after the expiration of the term at which it was rendered, to vacate or modify the judgment ''* * * for fraud practiced by the successful party in the obtaining of the judgment or order.'' Section 6292, Crawford & Moses' Digest provides that the proceeding to vacate a judgment under the provisions of § 6290, *supra*, shall be by complaint verified by affidavit ''setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action if the party applying was defendant,'' and that on the complaint a summons shall issue and be served and other proceedings had as in an action by proceedings at law.

It is earnestly insisted that the pleading filed was insufficient, and that the receiver had no authority to proceed at all. We think, however, the pleading was suf-

ficient to comply with the statute, and that the receiver had the authority to maintain the action. It is true this pleading was denominated a petition, and not a complaint, but this designation was unimportant, as the petition was in the nature of a complaint and contained all the allegations required by the statute. It was therefore properly treated by the court as a complaint.

It was held in the case of *Driver* v. *Treadway*, 175 Ark. 1028, 1 S. W. (2d) 84, that a motion for a new trial, which was not filed as such within the time limited by law, should have been treated as a motion to set aside the judgment, and that that relief should have been granted upon this motion, a proper case for this relief being made. It is a settled rule of practice with us that a pleading is to be treated according to what its substance shows it to be, regardless of what it is called. *Merritt* v. *School District*, 54 Ark. 468, 16 S. W. 287.

It appears that the pleading was not verified as the statute requires; but that question does not appear to have been raised in the court below. We have a statute (§ 1246, Crawford & Moses' Digest) which provides that no objection shall be taken after judgment rendered to a lack of verification of the pleading upon which the judgment was rendered. However, the petition was heard on the sworn testimony of numerous witnesses, and the judgment was not rendered by default upon an unverified pleading. The purpose of the statute was to prevent this from being done, and it was not done. *Coleman* v. *Bercher*, 94 Ark. 345, 126 S. W. 1070; *Randall* v. *Sanders*, 71 Ark. 609, 77 S. W. 56.

As to the authority of the receiver to maintain the action, it may be said that the corporation was the original defendant, and this suit was brought by its receiver. He had the authority, therefore, to maintain the action. The receiver was appointed by the authority of the Pulaski Chancery Court, and neither the propriety nor the necessity for this appointment can be questioned in this collateral proceeding. *Lowenstein* v. *Finney*, 54 Ark. 124, 15 S. W. 153.

It is said there is a defect of parties. But we do not think so. The plaintiff in the original judgment was made a party by summons served upon him, and the receiver represents the other party, the original defendant corporation.

It is also insisted that no sufficient grounds were alleged to vacate the judgment, and that no defense to the original action was shown. The findings of the court, set out above, which, as we have said, were sustained by sufficient testimony, answer these objections.

It was found by the court that the contract was to recover, not $500 in money, but $500 worth of the corporate stock, which was worth much less than $500 in money.

The testimony shows that the answer of the corporation was prepared by the plaintiff himself, and instead of pleading the contract under which the services sued for had been rendered, an answer was filed in which liability was admitted for $500 in money. Upon this answer judgment was rendered, and execution was issued, and the land, which constituted the entire assets of the corporation was sold. At this sale the plaintiff became the purchaser, and upon receiving the execution deed he conveyed to his own wife an undivided half interest and the other half interest was conveyed to the wife of the president of the corporation, who had entered the appearance of the corporation in the suit and who had caused the answer to be filed upon which the judgment was rendered.

It was held in the case of *Williams* v. *Alexander*, 90 Ark. 591, 119 S. W. 1130, that where an attorney having no authority, express or implied, to consent to a decree against his client, consents to a decree which is prejudicial to his client, such consent decree amounts to a fraud upon the court and the client and will be set aside. That principle applies here. The fraud, of course, must have been practiced upon the court in the procurement of the judgment, but the case of *Williams* v. *Alexander, supra,* is authority for holding that the action of the president of the corporation in filing, without the authority of the cor-

poration, an answer admitting a liability which did not exist was a fraud upon the court.

It is insisted that the motion to vacate the judgment was not filed in apt time, and that, inasmuch as more than five years had elapsed after the rendition of the judgment before this proceeding was filed, it was barred by laches if not by limitations.

It was held in the case of *Foohs* v. *Bilby,* 95 Ark. 302, 129 S. W. 1104, that there is no statute limiting the time within which an application to vacate a judgment may be made under § 4431, Kirby's Digest, which is identical with § 6290, Crawford & Moses' Digest, under which this proceeding was brought, and that holding was reaffirmed in the case of *Wade* v. *Saffell,* 177 Ark. 1186, 9 S. W. (2d) 803.

Nor do we think the action was barred by laches. The case of *Arkansas Mineral Products Company* v. *Creel, supra,* sought, in effect, the relief here prayed and granted. This relief was granted by the Pulaski Chancery Court in that case upon the same findings of fact here made, to-wit, that the judgment had been procured by fraud, and the decree of the Pulaski Chancery Court was reversed by this court, not upon the ground that the testimony did not support the decree of the court, but upon the ground that the action was a local one and had not been brought in the county where the land was situated. A prosecution of this suit to a favorable decree, which was reversed on the question of jurisdiction, refutes the imputation of acquiescence in the judgment for such length of time as to constitute laches.

It is finally insisted that the reversal of the decision of the Pulaski Chancery Court in the former appeal (*Arkansas Mineral Products Co.* v. *Creel, supra*) is conclusive of the present case. But such was not the effect of that decision. Certainly the receiver was not discharged, as is here insisted, by the reversal of that decree, nor is there any element of estoppel in the judgment of this court on the former appeal.

In the chapter on Judgments, 15 R. C. L., page 973, § 450, it is said that " * * * it is well settled that the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined, * * *."; Numerous annotated cases are cited in the note to support the text quoted.

As has been said, it was not decided on the former appeal that the plaintiff was not entitled to the relief prayed, but it was decided only that owing to the local nature of that action the court was without jurisdiction to award the relief prayed and granted. The present proceeding is a statutory one to vacate a judgment, and was brought in the court which rendered the judgment, and no showing was made that the situation of the parties in relation to the judgment had become such that the parties were precluded or estopped from instituting proceedings, as is here insisted. *Sanders* v. *Flenniken,* 180 Ark. 303, 21 S. W. (2d) 1847.

No error appears in the judgment here appealed from, and it must therefore be affirmed, and it is so ordered.