TURNER *v.* TURNER.

5-50                                           257 S. W. 2d 271

Opinion delivered April 13, 1953.

Rehearing denied May 18, 1953.

*Richard W. Hobbs* and *Wilson, Abramson & Maroun,* for appellant.

*Gaughan, McClellan & Gaughan* and *L. B. Smead,* for appellee.

ROBINSON, Justice.   This is an appeal from a decree dismissing a complaint seeking to vacate an order annulling a marriage between the appellant, Margaret Lamprecht Turner, and A. B. Turner.   A. B. Turner lives at Camden; appellant was working at the naval base there when she and Turner went to Hot Springs where they were married in June, 1951.

On August 16, 1951, appellant sued Turner for divorce in the Garland Chancery Court; later she dismissed that action.   Subsequently on September 7, 1951, the Probate Court of Ouachita County adjudged A. B. Turner to be incompetent and appointed as his guardian his brother, M. L. Turner.   October 12, 1951, the guardian filed a petition in the Ouachita Chancery Court alleging that A. B. Turner was incompetent at the time of his marriage with appellant, and asked that the marriage be annulled. Appellant was served with a summons; and the next day, upon the payment to her of $6,000 and the transfer to her of a Cadillac automobile, she signed an answer, entry of appearance, and waiver.   The petition to annul the marriage was granted by the court and appellant returned to the home of her parents in Connecticut.

On January 4, after the expiration of the term of the court at which the annulment of the marriage was ordered, appellant filed a complaint asking that the order

of annulment be set aside. The complaint alleges that M. L. Turner is not the legal guardian of A. B. Turner because requirements of the statute regarding the giving of notice in the proceedings for the appointment of a guardian were not complied with; also that the execution of the purported answer, entry of appearance, and waiver in the annulment action was obtained by duress, threats, and misrepresentation as to the contents of the petition for annulment.

The grounds for vacating a decree subsequent to the term at which it was rendered are set out in Ark. Stat., § 29-506. Here the complaint to set aside the decree alleges no grounds authorized by the statute. The assertions of duress and misrepresentation practiced upon the petitioner are not allegations of fraud within the meaning of the statute.

In *Parker* v. *Sims,* 185 Ark. 1111, 51 S. W. 2d 517, Mr. Justice FRANK SMITH speaking for the Court said: ''But we think there was no such fraud as required the court to vacate the decree on that ground. The law is settled that the fraud which entitles a party to impeach a judgment must be fraud extrinsic of the matter tried in the cause, and does not consist of any false or fraudulent act or testimony the truth of which was or might have been in issue in the proceeding before the court which resulted in the judgment assailed. It must be a fraud practiced upon the court in the procurement of the judgment itself. *Scott* v. *Penn,* 68 Ark. 492, 60 S. W. 235; *Womack* v. *Womack,* 73 Ark. 281, 83 S. W. 937; *James* v. *Gibson,* 73 Ark. 440, 84 S. W. 485; *Boynton* v. *Ashabranner,* 75 Ark. 415, 88 S. W. 566, 1011, 91 S. W. 20; *Parker* v. *Bowman,* 83 Ark. 508, 104 S. W. 158; *Bank of Pine Bluff* v. *Levi,* 90 Ark. 166, 118 S. W. 250; *Williams* v. *Alexander,* 90 Ark. 591, 119 S. W. 1130; *Pattison* v. *Smith,* 94 Ark. 588, 127 S. W. 983; *Cassady* v. *Norris,* 118 Ark. 449, 177 S. W. 10; *Parker* v. *Nixon,* 184 Ark. 1085, 44 S. W. 2d 1088.''

After the expiration of the term, a judgment can be set aside or vacated for fraud only where the fraud has

been practiced upon the court. Here there is no allegation or evidence of such fraud.

Affirmed.