UNITED STATES FIDELITY & GUARANTY COMPANY *v.*
BOURLAND.

## Opinion delivered May 3, 1926.

1. VENUE—TRANSITORY ACTION.—A suit to cancel a deed to land is transitory and not local, and may be brought in any county in which jurisdiction over the persons of the defendants can be obtained.

2. EQUITY—GENERAL PRAYER FOR RELIEF.—A complaint setting forth no cause of action except for cancellation of a mortgage will be confined to that relief, though it contains a general prayer that the title be quieted as against all defendants.

3. INJUNCTION—CONFLICT OF JURISDICTION.—Where the same person executed two mortgages conveying the same land to different persons, and separate suits were brought by different plaintiffs in different counties to cancel each of the mortgages, there is no such conflict between the suits as will entitle one of the courts to restrain the suit in the other court.

Prohibition to Sebastian Chancery Court, Fort Smith District; *J. V. Bourland,* Chancellor; writ denied.

*Rose, Hemingway, Cantrell & Loughborough,* for petitioner.

*Sam T. & Tom Poe,* for respondent.

McCULLOCH, C. J. This is an application for a writ of prohibition to restrain the chancery court of Sebastian County (Fort Smith District) from proceeding with a cause therein which was instituted against petitioner, United States Fidelity & Guaranty Company, a foreign corporation, and the Union Trust Company, a banking institution in the city of Little Rock, by Jennie P. Fulton and her daughter, Audrey Mae Fulton. The

basis of the application is that there is another action involving the same subject-matter now pending in the chancery court of Pulaski County, which was instituted prior to the commencement of the action in the Sebastian Chancery Court, and that, there being a conflict in the assumption of jurisdiction by both courts, this court ought to prevent the conflict by restraining the Sebastian Chancery Court from assuming jurisdiction of the subject-matter of the action which had previously been assumed by the chancery court of Pulaski County. The two actions will be referred to herein as the Pulaski County action and the Sebastian County action.

The following is the status of the controversy as appears from the pleadings in the two actions and as shown in the exhibits filed with the petition for prohibition: Prior to July 26, 1924, A. W. Fulton was an employee of the Union Trust Company of Little Rock, and the petitioner, United States Fidelity & Guaranty Company, became security for Fulton to the Union Trust Company to indemnify the latter against default of the former. Fulton defaulted for a large sum of money, and the petitioner herein paid the amount to the trust company under its contract of indemnification. On the date mentioned above, Fulton and his wife, Jennie P., who was the owner of certain real estate in the city of Little Rock constituting her homestead, joined in a conveyance to the Union Trust Company, as trustee, conveying said property for the use and benefit of the petitioner. Subsequently the Union Trust Company conveyed the property to petitioner, and the latter took possession and has remained in possession since that date.

On July 13, 1925, Jennie P. Fulton executed to Sam T. Poe, as trustee, a deed conveying said property to secure payment of an indebtedness of $2,500 to Sam T. Poe, Tom Poe and W. F. Sharp, and on October 12, 1925, the petitioner herein and the Union Trust Company, as trustee, instituted an action in the chancery court of Pulaski County against Sam T. Poe, Tom Poe, W. F. Sharp, Jennie P. Fulton and A. W. Fulton to cancel the

mortgage just referred to as a cloud on the title. The complaint in that action, after setting forth the default of A. W. Fulton to the Union Trust Company and the payment to the latter by the United States Fidelity & Guaranty Company under its obligation, and the conveyance of the Little Rock real estate, as stated above, and the execution of the mortgage from Jennie P. Fulton to the Poes and Sharp, reads as follows: "The said Union Trust Company, as trustee for the said United States Fidelity & Guaranty Company, is the absolute owner of said property, and the said defendants, Jennie P. Fulton and A. W. Fulton, at the time they executed the said deed of trust to the said Sam T. Poe, trustee, had no title whatsoever, but nevertheless the defendants, Sam T. Poe, Tom Poe and W. F. Sharp, are asserting the validity of said deed of trust. The said deed of trust constitutes a cloud upon the plaintiffs' title and has destroyed the marketability and impaired the value of said lot. The plaintiffs are without adequate remedy at law." Then follows the prayer, which is that the title of the plaintiffs "be quieted and confirmed as against all of the said defendants, and that the said deed of trust be canceled as a cloud upon their title." Original process was issued against all of the defendants in the action to the sheriff of Pulaski County, who immediately served the same on Sharp and Tom Poe, but has been unable to serve Sam T. Poe, Jennie P. Fulton or A. W. Fulton.

On November 25, 1925, petitioner and the other plaintiff in the action, Union Trust Company, caused to be issued and served upon Jennie P. Fulton, by an officer in the State of Oklahoma, a summons with a copy of the complaint annexed thereto, pursuant to the terms of our statute authorizing such service in another State. Crawford & Moses' Digest, § 1157. On October 15, 1925, three days after the commencement of the Pulaski County action, Jennie P. Fulton and her daughter, Audrey Mae Fulton, commenced the Sebastian County action against petitioner and the Union Trust Company to cancel the deed executed by Jennie P. Fulton and A. W. Fulton to

Union Trust Company on July 26, 1924, conveying the Little Rock property, and also a bill of sale for personal property, executed to the Union Trust Company by Jennie P. Fulton and her daughter, Audrey Mae. It was alleged, in substance, in the complaint in that action, that said conveyances were procured by fraud and duress. Summons was duly issued in that action on the day the complaint was filed and the same was immediately served on the two defendants therein, the United States Fidelity & Guaranty Company and the Union Trust Company. The service on each of the defendants was in Pulaski County, where the Union Trust Company was domiciled and where the United States Fidelity & Guaranty Company had its principal office in the State. Both of the defendants later appeared in that action and filed a motion to quash the service, which was overruled. Previous to this time there had been an action instituted by each of the respective parties against the other, but those actions have each been dismissed and have no bearing on the present controversy with reference to the jurisdiction of the respective courts wherein the two present cases are pending.

On February 5, 1926, the petitioner and the Union Trust Company appeared in the Sebastian County action and filed a demurrer and separate answers, setting up, among other defenses, the pendency of the suit in the Pulaski Chancery Court, and on that day the Sebastian Chancery Court, on the application of the plaintiffs in that action, issued an order restraining the petitioner and the Union Trust Company from prosecuting in any other court a suit involving the same questions in issue in the Sebastian Chancery Court.

It must be conceded, and, as we interpret the argument of counsel for petitioner, it is conceded, that the chancery court of Sebastian County has jurisdiction of the subject-matter of the action therein instituted, which was one to cancel a deed executed by the plaintiffs therein to certain property, including real estate situated in Pulaski County. It is not an action for the recovery of

real property or for an injury to real property. It is not a local action, but is transitory, and could have been brought in any county where jurisdiction over the persons of the defendants could be obtained. *Jones* v. *Fletcher,* 42 Ark. 422; *Pickett* v. *Ferguson,* 45 Ark. 177. The contention of counsel for petitioner is that the subject-matter of the action is, at most, one of concurrent jurisdiction which may be exercised by the court first acquiring it over the persons of the defendants to the exclusion of all other courts which might have obtained jurisdiction, and that jurisdiction was first acquired by the chancery court of Pulaski County by the filing of petitioner's complaint and the issuance of process thereon.

The first important inquiry is to determine whether or not there is identity of the two causes of action set forth in the two complaints. In the Pulaski County action the rights set forth are confined to the cancellation of the mortgage executed to the Poes and Sharp. There is no other cause of action set forth in the complaint. It is true that there is a general prayer that the title be quieted as against all of the defendants, which included Mrs. Fulton, but there are no facts set forth in the complaint sufficient to constitute any other right of action or any other relief, and the general prayer must be confined to the statement of facts as set forth in the complaint. Now, the Sebastian County action is of a wholly different nature, for the facts set forth in the complaint are that the deed of conveyance executed by the Fultons was induced by fraud and duress, and the relief sought is the cancellation of that deed. We fail to discover any identity between the two causes of action so as to cause a conflict in the attempt of the two courts to exercise jurisdiction at the same time. The two actions may proceed concurrently without conflict, for one is to cancel the mortgage to the Poes and Sharp, who are the real parties in interest, the Fultons being only nominal parties by reason of having been the grantors in the mortgage, and the other action being for a different purpose

and to which the Poes and Sharp are not parties. It is therefore clear that the chancery court of Sebastian County is properly proceeding with the exercise of jurisdiction without any conflict with the jurisdiction of the chancery court of Pulaski County. It will be observed that the injunction issued by the Sebastian Chancery Court does · not specifically restrain the parties from attempting to prosecute the action in the Pulaski Chancery Court. It merely operates as a restraint upon the petitioner from "instituting or prosecuting any action in any court involving the same issues as the action herein pending." The · injunction only operates against an attempt to adjudicate in the Pulaski Chancery Court, as between petitioner and the Fultons, the validity of the conveyance by the latter to the former, for that is the issue raised in the Sebastian Chancery Court and must be determined there. If the chancery court of Sebastian County subsequently renders an erroneous order or decree, the error would have to be corrected by appeal, for the jurisdiction of that court over the subject-matter set forth in the complaint is complete.

We are not at liberty, nor is it necessary, to discuss in this opinion the question whether or not a cause of action is stated in, the complaint in the Pulaski Chancery Court—whether the deed of trust executed to the Poes and Sharp subsequent to the deed of the Fultons to the Union Trust Company constituted a cloud on the title conveyed. That is a question which must be decided by the chancery court of Pulaski County, and if any error is committed in that proceeding it may be corrected by appeal.

There being no conflict in the jurisdiction, it is not appropriate for this court to attempt to restrain the exercise of jurisdiction by the Sebastian Chancery Court, and the writ of prohibition is therefore denied.