## STATE EX REL. M. A. LUKKEN v. DISTRICT COURT OF GRANT COUNTY.[1]

December 10, 1926.

No. 25,946.

**Action transitory.**

Action for rescission of contract for exchange of land for personal property is a transitory, not local, action. [Reporter].

Venue, 40 Cyc. p. 61 n. 18.

Petition for writ of mandamus directing change of venue from the district court for Otter Tail county to Grant County, Flaherty, J. Peremptory writ to issue.

*Field & Field,* for petitioner.

*Brown & Dell,* for respondent.

PER CURIAM.

John S. Wylie brought an action in Otter Tail county against M. A. Lukken to rescind and annul a contract whereby he had agreed to convey to Lukken a parcel of land situated in Otter Tail county in exchange for two certain mortgages owned by Lukken, and alleged as the ground for the action that he had been induced to enter into the contract by false and fraudulent representations concerning the character and value of the property covered by the mortgages. Lukken is a resident of Grant county, and by serving and filing the statutory affidavit and demand caused the action to be transferred to that county. Plaintiff then made a motion before the district court of Grant county to send the action back to Otter Tail county as a local action triable only in that county. The court granted the motion and made an order remanding the action to Otter Tail county. Thereupon Lukken procured an alternative writ of mandamus from this court directing the district court of Grant county to retain the action for trial in that county or show cause for not doing so. The return simply states that in the opinion of the district court the action is a local action triable only in Otter Tail county.

The question presented was recently considered by this court and the cases bearing upon it collated in State ex rel. Nyquist v. District Court of Swift County, 164 Minn. 433, 205 N. W. 284, a case apparently not called to the attention of the trial court. That case determines that such actions are transitory, not local, and is decisive of the present case. Let a peremptory writ issue.

[1]Reported in 211 N. W. 469.