GRAYSON *v.* GARRATT, CHANCELLOR.

4-4111

Opinion delivered · January 27, 1936.

*Gaughan, Sifford, Godwin & Gaughan,* for petitioner.
*Glover & Glover,* for respondent.

MEHAFFY, J. Willie Bowie and Lueller Bowie, and Willie Bowie by Lena E. Goodwin, his sister and next friend, filed in the Garland Chancery Court against C. I. Grayson, the following complaint:

"Come the plaintiffs and, for their cause of action against the defendant, allege:

"That Willie Bowie and Lueller Bowie reside in Ouachita County, Arkansas, and that Lueller Bowie is the wife of Willie Bowie, and that Lena E. Goodwin is a sister of Willie Bowie, and that she resides in Garland County, Arkansas, and that the defendant, C. I. Grayson, is a resident and citizen of Ouachita County, Arkansas.

"Plaintiffs allege that Willie Bowie is the son of Monroe Bowie, deceased, and that prior to the death of Monroe Bowie that he made a will, and in that said will, which was probated in Ouachita County, Arkansas, he willed to the plaintiff, Willie Bowie, an interest in certain real estate, a part of which is situated in Garland County, Arkansas. A copy of said will is hereto attached and made a part of this complaint.

"Plaintiff Lena E. Goodwin alleges that the plaintiff Willie Bowie is of a weak mind and is not capable of transacting business, and has not been capable of transacting business for himself for several years, and that she, as his sister, joins with him in bringing this suit as his sister and next friend.

"Plaintiffs allege that on the 24th day of February, 1934, that the defendant, well knowing the inability of Willie Bowie to make a contract, wilfully, knowingly and fraudulently induced the said Willie Bowie to make a deed to him, the said C. I. Grayson, thereby conveying to him his entire interest in the estate which he had inherited from his father, and which was of the reasonable value of $40,000, for a small and inadequate consideration which was expressed in said deed at $750, but all of said sum expressed in said deed was never paid, and which said sum of $750, if it had been paid, was only a small per cent. of the value of the interest of Willie Bowie in said estate. A copy of said deed is hereto attached and made a part of this complaint.

"Plaintiffs allege that, if said deed has any validity whatever, that it could only be treated as an equitable mortgage.

"Plaintiffs further allege that the said Lueller Bowie at the time she was induced to sign said deed was under 18 years of age, and was married to the said Willie Bowie

at the time of the making of the said deed, and was married to the said Willie Bowie at a very tender age.

"Plaintiffs allege that they are now ready, able and willing to pay off whatever amount the court finds the said Willie Bowie is found to owe the defendant, if he owes anything at all.

"Plaintiffs allege that the said Willie Bowie is upward of sixty years of age, and that at the time this purported deed was made that the said Willie Bowie was wholly incapable on account of the condition of his body and mind to transact business for himself on account of disease of his body and the weakness of his mind; that he was easily persuaded to part with his property without adequate consideration; that the defendant was an experienced business man, and, knowing the weakness of the mind of the said Willie Bowie, induced him to enter into this purported deed, and obtained his property in this manner, and which was a fraud perpetrated on his rights."

Plaintiffs prayed for an order fixing the amount due the defendant, if any is found to be due, and an order cancelling the deed and restoring and quieting the title to said property in Willie Bowie, etc.

The petitioner filed a motion to quash service, alleging that a great portion of the land was in Ouachita County, and that the plaintiffs, Willie Bowie and Lueller Bowie, are citizens of Ouachita County, and the suit was a suit *in personam,* and not a suit *in rem,* and the court had no jurisdiction.

A response to the motion to quash was filed, and the motion to quash was overruled. The petitioner then filed his petition in this court for a writ of prohibition.

The attorneys entered into the following stipulation:

"It is agreed by and between Gaughan, Sifford, Godwin & Gaughan, attorneys for the petitioner, C. I. Grayson, and Glover & Glover, attorneys for the respondent, Sam W. Garratt, Chancellor of the Third Chancery District of Arkansas, of which Garland County is a part, that the foregoing matters, consisting of the petition for a writ of prohibition, the complaint in equity in the case

of Willie Bowie and Lueller Bowie, and Willie Bowie by Lena E. Goodwin, his sister and next friend, plaintiffs, v. C. I. Grayson, defendants, No. 12876, now pending in the Garland County Chancery Court, the motion of defendant in that action to quash service, the response of the said Sam W. Garratt, chancellor of the Third Chancery District of Arkansas, of which Garland County is a part, to the petition herein; is a full and complete record of all the matters and proceedings had in said action.''

This stipulation was signed by the attorneys.

Petitioner correctly states that the only question for this court to determine is whether the plaintiff's action is local or transitory. He first calls attention to 67 C. J. 61. This authority states that actions purely for rescission of contracts for the sale of land, being *in personam,* and not *in rem,* are as a general rule transitory. The same paragraph from which petitioner quotes contains the following statement: ''If, however, the object of the action is to destroy a pretended exchange and to free the land from a cloud, or to determine claims and rights in the land, the action should be brought where the land is located, although it involved the validity of a contract for the cancellation of which it would be proper to bring a direct action elsewhere. There is however authority to the effect that an action to cancel a contract for the sale of land is local, and that an action to rescind an executed contract, and to recover the consideration paid, or an action by the purchaser to cancel his contract and notes and to recover sums already paid, is an action involving a right or interest in real property, which must be tried in the county in which the land is situated.''

He next calls attention to the case of *Bullitt* v. *Eastern Kentucky Land Company,* 99 Ky. 324, 36 S. W. 16. The court in that case said: ''An action purely for rescission of contract for sale of land or its specific execution is transitory—not *in rem* but *in personam. * * * When, in the action it is sought to enforce a lien on land which results from the rescission, then the action becomes local.'' The court then copies the statute with reference to actions effecting real property.

Petitioner then calls attention to the case of *State v. District Court,* 169 Minn. 515, 211 N. W. 469. That also was an action to cancel a contract on the ground of fraudulent representations. It was not a suit to cancel a deed.

Attention is next called to *Terry v. River Garden Farms Company,* 29 Cal. App. 59, 154 Pac. 476. That is also a case for the rescission of a contract, and not for the cancellation of a deed.

Attention is then called to 27 R. C. L., page 794, § 14. In § 15 of the same volume is the following: "The form of an action is not material if the complaint in fact presents a case involving the determination of the title to realty. This has been expressly ruled in an instance where the action ostensibly was to enjoin threatened trespasses upon lands and to recover the value of minerals theretofore removed."

Attention is called by petitioner to *Arkansas Mineral Products Company v. Creel,* 181 Ark. 722, 27 S. W. (2d) 1003. The court in that case said: "We think the demurrer, which raised the question of jurisdiction to grant the relief prayed, should have been sustained, for the reason that the action is local and not transitory." The court then quotes § 1164 of Crawford & Moses' Digest with reference to where cases of the kind must be brought.

Attention is next called to the case of *Jones, McDowell & Co. v. Fletcher,* 42 Ark. 422. The court said in that case; in speaking of the statutes above mentioned: "All such actions, whether by name foreclosure, partition, ejectment or without any special designation as to title, whether expressly mentioned in the statute or not, are local within the meaning of this section."

Petitioner also calls attention to the case of *Pickett v. Ferguson,* 45 Ark. 177. That was a case holding that a court of equity had power to restrain a party within its jurisdiction from prosecuting an action in another State. Of course that action was transitory.

A number of other authorities are cited and quoted from by petitioner, but one of the most recent is *United States Fidelity & Guaranty Company v. Bourland,* 171 Ark. 1, 283 S. W. 13. This was a petition for writ of

prohibition to restrain the chancery court of Sebastian County from proceeding in a certain cause, and the court said: "It must be conceded, and as we interpret the argument of counsel for petitioner, it is conceded that the chancery court of Sebastian County has jurisdiction of the subject-matter of the action therein instituted, which was one to cancel a deed executed by the plaintiffs therein to certain property, including real estate situated in Pulaski County. It is not an action for the recovery of real property or for an injury to real property. It is not a local action, but is transitory and could have been brought in any county where jurisdiction over the persons of the defendants could have been obtained."

Petitioner calls attention to the case *McLeod* v. *Connecticut & P. R. Company,* 58 Vt. 727, 6 Atl. 648. That was a suit for personal injury, and there was no question involved except whether a suit for personal injury was a transitory action. The court discussed local and transitory action, it is true, in a general way, but the only question for the court to decide in that case was whether an action for personal injury was transitory or local.

In the case of *Arkansas Mineral Products Co.* v. *Creel,* 181 Ark. 722, 27 S. W. (2d) 1003, the court, in discussing suits for specific performance or to establish a trust, or for a conveyance, although the contract, trust, or fraudulent title pertains to land in another State or country, said that the court had jurisdiction. But the court added: "But this jurisdiction is strictly limited to those cases in which the relief decreed can be obtained through the party's personal obedience, and the decree in such suit imposes a mere personal obligation enforceable by injunction, attachment, or like process against the person, and cannot operate *ex proprio vigore* on lands in another jurisdiction to create, transfer, or vest title."

This court has passed on similar questions many times, but we do not deem it necessary to discuss all these authorities. This is a suit for the purpose of cancelling a deed, restoring the property to the plaintiff, and quieting the title in him, and also it is alleged that, if the deed should not be cancelled, it be held to be a

mortgage and plaintiff be permitted to pay whatever amount he had received from petitioner, and the deed be cancelled.

Our conclusion is that the action is local, that the chancery court of Garland County has jurisdiction, and the writ is therefore denied.