JONES *v.* BRINKMAN.

4-5951 139 S. W. 2d 686

Opinion delivered May 6, 1940.

■■■

*Ulys A. Lovell,* for appellant.

*Duty & Duty,* for appellee.

HUMPHREYS, J. The following lease was entered into between appellee and appellant, to-wit:

"This agreement made and entered into by and between Mrs. L. E. Brinkman of Granite City, Illinois, hereinafter known as the party of the first part, and Jones Oil Company of Springdale, Arkansas, hereinafter known as the party of the second part.

"Witnesseth, That for and in consideration of the terms hereinafter specified the said party of the first part has this day leased to the said party of the second part for a period of five (5) years beginning this date and ending April 1, 1942, for use in establishing a service station and for kindred purposes, the following described real estate situated in Benton county, Arkansas:"

(Describing by metes and bounds the one acre tract in controversy.)

"(1) The said party of the second part shall construct such buildings as he may deem necessary for the use of the said premises for the purposes above mentioned and shall begin the erection of same within thirty days from date hereof. He shall maintain said buildings during the term of this agreement and at the expiration of same the said buildings shall be left on the above premises to then become the absolute property of the said party of the first part.

"(2) The said party of the second part shall pay to the said party of the first part a lease rental of one-half (½) cent per gallon on all gasoline sold from the above premises, said rental to be paid monthly on or before the 10th day of each month for the gasoline sales of the month preceding.

"(3) This agreement shall not be construed as bearing the privilege of subleasing without specific written consent of the party of the first part.

"(4) The party of the second part shall have the option of renewing this lease agreement for an additional three years, if he so elects.

"(5) It is understood that in the event of a default of sixty (60) days in the payment of any monthly rental, this lease agreement may be terminated at the option of the party of the first part, thus becoming null and void, and the delivery of the above premises to the said first party under this provision shall carry with it the same conditions as though this lease had run its full course.

"This agreement executed in triplicate this April 2, 1937, at Seligman, Missouri.

/S/ *Mrs. L. E. Brinkman*
Party of the first part.
/S/ Jones Oil Company
Party of the second part.
By *Harvey Jones.*"

On June 6, 1939, appellee brought a suit in the chancery court of Benton county to cancel the lease, recover the buildings constructed by appellant on the acre of land and for damages alleging that appellant late in 1938 built another filling station across the road and diverted the business from appellee's station to the new station and that by reason thereof appellant had breached the contract and abandoned the premises leased to him by appellee.

A summons was issued for appellants and served upon them in Washington county, Arkansas, and they appeared specially and moved to quash the service on the ground the court had no jurisdiction to cancel the lease

because it did not convey an interest in the land. The court overruled the motion over appellant's objection and exception and proceeded to try the cause upon the issue joined as to whether appellant had forfeited and abandoned his right to operate appellee's filling station by building another filling station across the road and diverting the business from appellee's station to the new station.

After hearing the evidence, the chancellor found that appellant had breached the contract and thereby abandoned the leased premises and, based upon the findings, canceled the lease and quieted the title to the property including the buildings in appellee, from which appellant has duly prosecuted an appeal to this court.

The first question raised and argued on this appeal is one of venue. If the lease conveyed an interest in the land to appellant then the venue of the alleged cause of action to cancel the lease was in Benton county where the land is situated and service upon appellants in any county in the state would be sufficient. It is undisputed that appellants were served with process issued out of the Benton chancery court in Washington county.

If, however, the lease did not convey an interest in the land, then the right to cancel same for an abandonment of the premises was a transitory action and should have been brought in the county where personal service could be had upon them.

Section 1386 of Pope's Digest relating to the venue of causes of action is as follows: "Actions for the following causes must be brought in the county in which the subject of the action, or some part thereof, is situated: First. For the recovery of real property, or of an estate or interest therein."

This section is in the exact words of a similar provision in the Kentucky Code of Civil Practice and in construing same the Supreme Court of Kentucky in the case of *Edwards* v. *Bernstein,* 231 Ky. 100, 21 S. W. 2d 133, held that a controversy involving a ten-year lease on land, was personal property and was not for the

recovery of real property or of an estate or interest therein. The specific language used by the Supreme Court of Kentucky is as follows: "Section 62 of the Civil Code of Practice provides that an action for the recovery of real property or an estate or interest therein may be brought in the county in which the land lies, but the only thing in controversy here is a ten-year leasehold (a storehouse), and such a lease is only personal property. The action is in effect one for the construction of a contract and its enforcement."

Likewise, it was decided by the Supreme Court of Oklahoma under a similar statute to § 1386 of Pope's Digest that a lease for a term of years was personal property and not an interest in real estate.

Our statute was most likely borrowed from the Kentucky Code of Civil Practice and the Oklahoma statute borrowed from our statute. A construction placed upon a similar statute to ours by these courts is persuasive although not binding upon us.

Again this court said in the case of *U. S. Fidelity & Guaranty Company* v. *Bourland*, 171 Ark. 1, 283 S. W. 13: "It must be conceded, and, as we interpret the argument of counsel for petitioner, it is conceded, that the chancery court of Sebastian county has jurisdiction of the subject-matter of the action therein instituted, which was one to cancel a deed executed by the plaintiffs therein to certain property, including real estate situated in Pulaski county. It is not an action for the recovery of real property or for an injury to real property. It is not a local action, but is transitory, and could have been brought in any county where jurisdiction over the persons of the defendants could be obtained. *Jones* v. *Fletcher*, 42 Ark. 422; *Pickett* v. *Ferguson*, 45 Ark. 177, 55 Am. Rep. 545."

This suit being a suit primarily to cancel a five-year lease upon an acre of land in Benton county on the ground that appellant had forefited or abandoned his rights therein by erecting another station across the road and in front of it is a transitory action, the lease being personal property, and should have been brought in the

county where appellants resided or in some county where personal service could be obtained upon them. As stated above the suit was brought in Benton county and service was obtained upon them in Washington county. They appeared specially and moved to quash the service upon them and this motion should have been sustained. The court was without jurisdiction to cancel the lease under the service obtained in Washington county so it is unnecessary for us to set out the evidence relative to the issue of whether appellants had forfeited or abandoned their rights under the lease. The court was without jurisdiction to determine the issue. The decree is, therefore, reversed and the cause remanded with directions to sustain appellant's motion to quash the service upon them and unless personal service can be obtained upon appellants in Benton county this court is directed to dismiss the action.

MEHAFFY, McHANEY and BAKER, JJ., dissent.