Raymond J. BARRETT and Hallie B. Barrett *v.* POINSETT County, Arkansas

91-18                                            811 S.W.2d 324

Supreme Court of Arkansas
Opinion delivered July 8, 1991

*Bill Bristow, P.A.*, for appellants.

*L.D. Gibson*, for appellee.

STEELE HAYS, Justice. This appeal is from a grant of a summary judgment motion for the government on a claim for inverse condemnation. We affirm the trial court.

Raymond and Hallie Barrett, appellants, own land in Poinsett County, Arkansas. They entered into a contract on November 17, 1986, with the governments of various cities in Craighead County aligned in an entity calling itself the "Northeast Arkansas Regional Solid Waste Disposal Authority." The Barretts were to sell the Poinsett County land to the Authority for use as a landfill for Craighead County. Under the agreement the Authority acquired an option to purchase the property for a price of $750,000. The option expired after March 31, 1987.

Appellants allege that Poinsett County was opposed to using land in its county as a solid waste disposal landfill, and so in response to the Barrett contract, Poinsett County passed a zoning ordinance in December of 1986, preventing any property in the township in which the Barrett land was located from being used for landfill purposes.

On January 15, 1987, the Barretts filed suit in Poinsett County contending that the ordinance in question was illegal and seeking a permanent injunction to prevent the effect of said ordinance. However, while suit was pending, and before closing of the sale pursuant to the terms of the Barrett contract, the Arkansas legislature passed legislation preventing one county from placing a landfill operation in an adjoining county without the consent of the receiving county.

In November 1987, appellants filed an amended petition for declaratory judgment, injunctive relief and damages, claiming there had been a temporary taking of the Barretts' land by Poinsett County. Appellants contend the Poinsett County action enacting the ordinance delayed the closing of their contract by an illegal spot zoning ordinance; that if it had not been for the

Poinsett County ordinance, appellant would have completed their transaction with the Authority prior to the legislative action.

On November 28, 1989, the trial court rendered its judgment. The court assumed for the purpose of the ruling that the zoning ordinance of Poinsett County was unconstitutional. However, the court found the facts did not give rise to inverse condemnation, and that the only other cause of action that might arise would be a tort action for interference with contractual relations which could not prevail because Poinsett County would be protected by governmental immunity.

From that order, appellants bring this appeal. They challenge only the trial court's finding that there was no inverse condemnation. While we do recognize a cause of action for inverse condemnation under appropriate circumstances, *see Robinson* v. *City of Ashdown,* 301 Ark. 226, 783 S.W.2d 53 (1990), we find the trial court correctly granted summary judgement for appellees in this case.

It is not clear from the trial court's order whether it found there was no cause of action because of the nature of the injury or simply because the injury was not extensive enough to constitute a taking. While it may be debatable that there is no cause of action for the type of injury suffered, *see* 4 J. Sackman, *Nichols on Eminent Domain* § 13.33 (1985), it is not necessary for us to decide that question, as it is clear that any injuries sustained were not sufficient to support an action for inverse condemnation.

The United States Supreme Court has held that when there was total diminution in value, a taking through police power regulations occurred. *Pennsylvania Coal Co.* v. *Mahon,* 239 U.S. 394 (1915). However, regulations affecting less than all of the use or all of the value of property, remain to be considered on the particular circumstances of each case. *Pennsylvania Central Transp. Co.* v. *City of New York,* 438 U.S. 104 (1978). So in *Pennsylvania Central, supra,* the governmental regulation restricting the use of air space above the train terminal, where it simply prohibited the owners or others from occupying certain features of that space while allowing them to use gainfully the remainder of the parcel was not sufficient damage to constitute a taking. In similar cases, we have held that a much greater reduction in value or use of the property than is present here

would not constitute a regulatory taking. *See e.g. Winters* v. *State,* 301 Ark. 127, 782 S.W.2d 566 (1990); *J.W. Black Lumber Co.* v. *Ark Dept. of Pollution Control & Ecology,* 290 Ark. 170, 717 S.W.2d 807 (1986).

No reduction in the $350,000 valuation of appellants' land has been shown, or even alleged, only the lessening of one profitable use of the property. Appellants had been using the land for agricultural purposes, continued to use it in that manner during these legal proceedings, and still had available in the future all other possible uses. Given the facts and circumstances this case when set against the standards previously laid down on damages for inverse condemnation, we must agree with the trial court that any injury sustained here was not sufficient to support appellants' cause of action.

Affirmed.

GLAZE, J., concurs.