S00A1557. JENKINS et al. v. CLAYTON.
(542 SE2d 503)

THOMPSON, Justice.

Defendants own several large tracts of rural land in Jenkins County which had been used as farm land for many years. In 1996, defendants started a commercial hunting operation on a 200-acre tract of the land. Two years later, defendants added a sporting clay course to their operation.

Plaintiff lives approximately 2,100 feet from defendants' sporting clay course. He brought suit alleging the course constituted a nuisance due to the noise it generated; he sought damages and injunctive relief. The jury determined that the sporting clay course constituted a nuisance, but that plaintiff suffered no damages. Thereupon, the trial court entered an order barring operation of "any sport shooting, skeet or other target shooting range" at the facility at any time on Sunday. Defendants appeal asserting, inter alia, OCGA § 41-1-9 (c), which was enacted in 1997, forbids their sporting clay course from being enjoined as a noise generating nuisance.

OCGA § 41-1-9 (c) provides, in pertinent part:

> No sport shooting range . . . shall be subject to any action for civil or criminal liability, damages, abatement, or injunctive relief resulting from or relating to noise generated by the operation of the range if the range remains in compliance with noise control or nuisance abatement rules, regulations, statutes, or ordinances applicable to the range on the date on which it commenced operation.

Ascribing ordinary signification to the words of this statute, as we are bound to do, OCGA § 1-3-1, we think its plain, commonsense meaning is as defendants suggest: A sporting clay course cannot be deemed a sound generating nuisance if it does not run afoul of local noise control ordinances (or ordinances aimed at the regulation of a sport shooting range). See generally *Herrin v. Opatut,* 248 Ga. 140 (281 SE2d 575) (1981) (legislature can choose to exempt agricultural facility from being declared a nuisance under certain conditions).

Jenkins County has not enacted an ordinance pertaining to noise control in general, or sport shooting ranges in particular. Thus, it cannot be said that defendants' sporting clay course failed to comply with noise control ordinances on the date on which it commenced

operation. It follows that defendants' course could not be enjoined as a noise generating nuisance, and that the trial court erred in ruling otherwise.

*Judgment reversed. All the Justices concur, except Benham, C. J., and Fletcher, P. J., who concur in the judgment only.*

DECIDED FEBRUARY 16, 2001.

*Walden G. Housman, Jr.,* for appellants.
Leroy Clayton, *pro se.*