Rockingham
No. 2008-520

SARA REALTY, LLC

v.

COUNTRY POND FISH AND GAME CLUB, INC.

Argued: February 18, 2009
Opinion Issued: April 9, 2009

*Casassa and Ryan,* of Hampton (*John J. Ryan* on the brief and orally), for the petitioner.

*Sumner F. Kalman, Attorney at Law, P.C.,* of Plaistow (*Thea S. Valvanis* and *Sumner F. Kalman* on the brief, and *Mr. Kalman* orally), for the respondent.

*Kelly A. Ayotte,* attorney general (*Lisa S. Walker,* attorney, on the brief), for the State of New Hampshire, as *amicus curiae.*

HICKS, J. The petitioner, Sara Realty, LLC (Sara Realty), appeals an order of the Superior Court (*Lewis*, J.) granting summary judgment to the respondent, Country Pond Fish and Game Club, Inc. (Country Pond), based upon its conclusion that RSA chapter 159-B (Supp. 2008) barred the petitioner's action and was not unconstitutional. We affirm.

The trial court found or the record supports the following relevant facts. Country Pond owns and operates a "[s]hooting range," RSA 159-B:8, II, on 10.75 acres in Newton. It began operation in 1962, well before Newton adopted its first zoning ordinance in 1973 and specific noise ordinances in 2005 and 2006. Sara Realty purchased a campground west of the shooting range in 1999. In 2001, Country Pond purchased a forty-acre, forested lot between its shooting range and the campground. After receiving approval from the board of selectmen, it undertook to excavate and clear the lot in order to build, among other things, additional parking. The selectmen later revoked this approval pending site plan review because they decided that planning board approval was necessary before proceeding further.

Sara Realty participated in the planning board proceedings as an interested abutter due to its concern over the loss of sound buffering trees and earth between its property and Country Pond's shooting range. The planning board retained a sound specialist to help develop a noise mitigation plan. It later approved the excavation and site plan in 2003 on the condition that Country Pond integrate certain noise mitigation measures. It ultimately determined that Country Pond had met the noise mitigation condition. The superior court affirmed this decision.

In April 2007, Sara Realty petitioned the superior court for declaratory and injunctive relief. In September 2007, it amended its petition. The petition, as amended, alleges that Country Pond engaged in a common law private nuisance due to the level of firearm-related noise reaching Sara Realty's property following the excavation and tree-clearing activities. It also asserted that Country Pond had failed to adequately comply with the planning board's noise mitigation requirements and thus sought injunctive relief pursuant to RSA 676:15 (2008). Country Pond moved to dismiss, citing RSA chapter 159-B. Sara Realty objected, claiming that RSA chapter 159-B is inapplicable and unconstitutional. The superior court treated Country Pond's motion as one for summary judgment and ruled in its favor.

On appeal, Sara Realty argues that RSA chapter 159-B does not apply to its action and violates its State Constitutional right to a remedy, *see* N.H. CONST. pt. I, art. 14. In reviewing the trial court's summary judgment ruling, we consider the evidence in the light most favorable to the nonmoving party and, if no genuine issue of material fact exists, we

determine whether the moving party is entitled to judgment as a matter of law. *N.H. Assoc. of Counties v. State of N.H.*, 158 N.H. 284, 287-88 (2009).

■ We begin by putting RSA chapter 159-B in context. Residential expansion into rural countryside increases the prospect of litigation involving outdoor shooting ranges. *See* N.H.S. JOUR. 1080 (1987) (recommending that House Bill 229 ought to pass because "in some places the construction of new housing units close to [shooting ranges] cause[s] a surge of noise pollution"); *Ray TP. v. B & BS Gun Club*, 575 N.W.2d 63, 65 (Mich. Ct. App. 1997); Annotation, *Gun Club, or Shooting Gallery or Range, as Nuisance*, 26 A.L.R.3D 661 (1969). In response, approximately twenty-nine states, including New Hampshire, have enacted legislation specifically protecting shooting ranges from actions based upon firearm-related noise. *See Miller v. Hill*, 785 N.E.2d 532, 544 (Ill. App. Ct.), *appeal denied*, 803 N.E.2d 484 (Ill. 2003). Originally enacted in 1987, RSA chapter 159-B generally protects a shooting range from civil liability or criminal prosecution if the range complies with noise regulations applicable when it first came into operation. *See* Laws 1987, ch. 175. The statutory scheme was repealed and reenacted in 2004. *See* Laws 2004, 83:2.

## I. Applicability of RSA chapter 159-B

The trial court ruled that RSA chapter 159-B was "plainly implicated" in this dispute because the alleged noise arose "from a combination of" excavation, tree-cutting and protected shooting activity, and Sara Realty sought to terminate the shooting range activity as relief.

Sara Realty argues that RSA chapter 159-B affords no protection to Country Pond because the excavation and tree-cutting, and not solely the protected shooting range activities, caused the alleged noise nuisance by allowing the sound of admittedly protected shooting range activities to reach its property. It argues that RSA chapter 159-B does not contemplate any such scenario and, thus, we "should not read into the statute language which exempts activity . . . exacerbat[ing] the gun shooting noise level . . . where that increase . . . is directly attributable to non gun shooting activities."

In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *Residents Defending Their Homes v. Lone Pine Hunter's Club*, 155 N.H. 486, 488 (2007). We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result. *Id.*

RSA chapter 159-B affords protection to shooting ranges from noise-related regulation at the state and local levels. Eligible shooting ranges are exempt from state agency noise level limitations, *see* RSA 159-B:6, and

retroactive application of local and state regulations, *see* RSA 159-B:4. Notably, unlike the approach taken by several other states that withdraw the statutory protections when shooting ranges undertake a substantial change in use, *see, e.g.*, Me. Rev. Stat. Ann. tit. 17, § 2806(1) (West 2006), RSA chapter 159-B protects the *original* portion in use even if subsequent expansion occurs, *see* RSA 159-B:3.

In addition to insulating shooting ranges from noise-related regulation, RSA chapter 159-B also affords immunity from most noise-related litigation. Two provisions of RSA chapter 159-B bear upon the instant action. RSA 159-B:2 provides:

> The owners, operators, or users of shooting ranges shall not be subject to any action for nuisance and no court shall enjoin the use or operation of a range on the basis of noise or noise pollution, provided that the owners of the range are in compliance with any noise control ordinance that was in existence at the time the range was established, was constructed, or began operations.

RSA 159-B:2. In addition, RSA 159-B:5 provides:

> Notwithstanding any other law to the contrary, a person may not maintain a nuisance action for noise or noise pollution against a shooting range, or the owners, operators, or users of the range, located in the vicinity of that person's property, if the shooting range was established, constructed, or being used on a regular basis as of the date the person acquired the property.

RSA 159-B:5.

We address these statutes as they relate to Sara Realty's claims for private nuisance and for injunctive relief under RSA 676:15.

*A. Private Nuisance*

RSA 159-B:2 and :5 plainly bar noise-related nuisance causes of action, provided the shooting range satisfies any applicable conditions. *See* RSA 159-B:2, :5.

RSA 159-B:2 is conditioned upon "compliance with any noise control ordinance that was in existence at the time the range was established, was constructed, or began operations," RSA 159-B:2. We read this condition to apply *if and only if* such regulation exists. *See Jenkins v. Clayton*, 542 S.E.2d 503, 503 (Ga. 2001). It therefore does not apply here because no noise regulation predated Country Pond's continuously operating "[s]hooting range," RSA 159-B:8, II.

Country Pond plainly satisfies the condition within RSA 159-B:5 because there is no dispute that the firearm-related noise emanates from its

shooting range, or that the range "was established, constructed, or being used on a regular basis as of the date [Sara Realty] acquired [its] property," RSA 159-B:5.

Once the conditions precedent are met, RSA 159-B:2 and :5 broadly protect, among others, the *entity* owning and/or operating a shooting range. *See* RSA 159-B:2 ("The owners, operators, or users of shooting ranges shall not be subject to any action for nuisance . . . ."), :5 ("[A] person may not maintain a nuisance action for noise or noise pollution against a shooting range, or the owners, operators, or users of the range . . . ."). We decline to read into this entity-level protection any qualification based upon the variety of ways "[n]oise," RSA 159-B:8, I, emanating from a "[s]hooting range," RSA 159-B:8, II, might reach properties that had previously enjoyed buffers. Such a leap is for the legislature to make. *See Karch v. Baybank FSB*, 147 N.H. 525, 530 (2002).

Accordingly, we conclude that RSA 159-B:2 and :5 operate as independent statutory bars to Sara Realty's nuisance cause of action.

### B. RSA 676:15

RSA 676:15, entitled "Injunctive Relief," supplies a cause of action to abutting landowners to enforce compliance with local regulations. *See* RSA 676:15. Sara Realty originally invoked RSA 676:15 to seek temporary and permanent injunctive abatement of Country Pond's "outdoor gun shooting activities." It later amended its RSA 676:15 claim to request only an injunction "requiring [Country Pond] to construct a sound barrier as required under the Planning Board condition."

The trial court ruled that "[t]he [RSA 676:15] issue is . . . no longer . . . open" because it ruled, in a separate action, that the planning board reasonably and lawfully determined that Country Pond met the sound mitigation condition. Sara Realty did not challenge this ruling in its notice of appeal. Accordingly, it is deemed waived. *See Dupont v. N.H. Real Estate Comm'n*, 157 N.H. 658, 662 (2008).

### II. Constitutionality of RSA chapter 159-B

Sara Realty argues that RSA chapter 159-B contravenes Part I, Article 14 of the State Constitution, which provides:

> Every subject of this state is entitled to a certain remedy, by having recourse to the laws, for all injuries he may receive in his person, property, or character; to obtain right and justice freely, without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws.

N.H. CONST. pt. I, art. 14.

Sara Realty argues that RSA chapter 159-B impermissibly discriminates, with respect to remedies, by disparately treating two similarly situated classes: landowners living in communities with established noise control prior to the establishment of a shooting range, who can enforce that ordinance or prosecute a private nuisance action; and landowners living in towns such as Newton that lacked noise control ordinances when the shooting range came into existence and, thus, are barred from seeking any relief. It argues that RSA chapter 159-B unconstitutionally disfavors the latter class by granting absolute immunity.

■ Assuming without deciding that the asserted classification triggers a constitutional analysis, we note that the classification is only created by virtue of RSA 159-B:2. *Compare* RSA 159-B:2 (conditioning protection upon "compliance with any noise control ordinance that was in existence at the time the range was established, was constructed, or began operations"), *with* RSA 159-B:5 (conditioning protection upon the shooting range being "established, constructed, or being used on a regular basis as of the date the [complaining] person acquired the property"). We therefore read Sara Realty's brief as challenging only the constitutionality of RSA 159-B:2, and not that of RSA 159-B:5. Because RSA 159-B:2 and :5 provide alternative bars to Sara Realty's nuisance action and the bar within RSA 159-B:5 is sufficient to support summary judgment for Country Pond, we need not reach the constitutionality of RSA 159-B:2. *See N.H. Assoc. of Counties*, 158 N.H. at 290.

*Affirmed.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.